# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**

* * * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| CONNIE GLAHOLT, | * |
|  | *   No. 21-162V |
| Petitioner, | *   Special Master Christian J. Moran |
|  | * |
| v. | *   Filed: December 11, 2024 |
|  | * |
| SECRETARY OF HEALTH | * |
| AND HUMAN SERVICES, | * |
|  | * |
| Respondent. | * |

* * * * * * * * * * * * * * * * * * * *

William Patrick Ronan, III, The Ronan Law Firm, Overland Park, KS, for Petitioner;
Zoe Wade, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

Pending before the Court is petitioner Connie Glaholt's motion for final attorneys' fees and costs. She is awarded **$20,257.37**.

\* \* \*

On January 6, 2021, petitioner filed for compensation under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34, that either the pneumococcal conjugate ("Prevnar 13") or influenza ("flu") vaccine caused her

---

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

to suffer from Guillain Barre syndrome ("GBS"). Alternatively, she alleged that these vaccines significantly aggravated her existing medical condition. On August 7, 2023, the parties filed a joint in which the undersigned adopted as his decision on August 11, 2023. 2023 WL 5749923.

On March 14, 2024, petitioner filed a motion for attorneys' fees and costs ("Fees App."). Petitioner requests attorneys' fees of $24,588.15 and attorneys' costs of $615.77, for a total request of $25,203.92. Id. at 6-7. Pursuant to General Order No. 9, petitioner warrants that she has not personally incurred any costs related to the prosecution of her case. ECF No. 58. Respondent deferred to the undersigned's assessment, submitting its generic response. Resp't's Resp., filed Mar. 15, 2024. Petitioner did not file a reply thereafter.

\*   \*   \*

Because petitioner received compensation, she is entitled to an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa–15(e). Thus, the question at bar is whether the requested amount is reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348. Here, because the lodestar process yields a reasonable result, no additional adjustments are required. Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018).

A.   Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation. Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia

2

and the attorneys' rates are substantially lower. Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)). In this case, all the attorneys' work was done outside of the District of Columbia.

Petitioner requests compensation for attorney William Ronan at the rate of $553 per hour for all time billed between 2019 and 2024. Fees App. at 1-6. Petitioner also requests the paralegal rate of $170 per hour for all time billed. Id. These rates require adjustment.

Attorneys' fees have been awarded for Mr. Ronan's time billed in 2019 at an hourly rate of $415.00 per hour, $430.00 per hour for time billed in 2020, and $450.00 per hour for time billed in 2021. See, e.g., Metsker v. Sec'y of Health & Human Servs., No. 19-0743V, 2021 WL 5143137 (Fed. Cl. Spec. Mstr. Oct. 5, 2021) Klusman v. Sec'y of Health & Human Servs., No. 19-604V, 2021 WL 3264443 (Fed. Cl. Spec. Mstr. June 30, 2021). Petitioner similarly requests a rate higher than was previously awarded for Mr. Ronan's paralegal. For the years 2019 and 2021, his paralegal was awarded the rate of $125.00 per hour. See, e.g., Metsker 2021 WL 829509; Klusman, 2021 WL 3264443. Thus, the undersigned will apply these lower rates for the time billed by Mr. Ronan and his paralegal from 2019, through 2021. Application of these rates results in a reduction of **$3,449.05**.[2]

The undersigned will now turn to establishing a reasonable rate increase for Mr. Ronan's work for 2022, through 2024. Mr. Ronan has been licensed to practice law since 1980, giving him approximately 39 years of legal experience when he began work on this case in 2019. See Fees App. Ex. 2 at 1. Although the undersigned does not doubt that increases from his 2021 rate are reasonable, awarding the requested rate of $553.00 per hour for 2022, 2023, and 2024 is excessive. Here, petitioner does not request compensation at forum rates for Mr. Ronan (nor has petitioner submitted evidence which would permit the undersigned to make a reasoned determination as to whether Mr. Ronan's locale of Overland Park, Kansas would bear similar rates as the forum of Washington, DC).

Special masters have traditionally turned to Producer Price Index for the Office of Lawyers ("PPI-OL") when determining an appropriate increase in yearly

---

[2] Attorney Reduction: ($553 - $415) x 6.3 hrs. + ($553 - $430) x 8.25 hrs. + ($553 - $450) x 6.7 hrs. = $3,176.80.

Paralegal Reduction: ($170 - $125) x 1.5 hrs. + ($170 - $125) x 2.1 hrs. + ($170 - $125) x 2.45 hrs. = $272.25.

rate. See, e.g., Hubbell v. Sec'y of Health & Human Servs., No. 17-272V, 2019 WL 978815, at *2 (Fed. Cl. Spec. Mstr. Jan 17, 2019); Pember v. Sec'y of Health & Human Servs., No. 15-1005V, 2018 WL 3989514, at *1 n.2 (Fed. Cl. Spec. Mstr. Jun. 28, 2018); Hanson v. Sec'y of Health & Human Servs., No. 16-977V, 2018 WL 2772519, at *2 (Fed. Cl. Spec. Mstr. Mar. 9, 2018).

Although Mr. Ronan is entitled to a rate increase, the amount requested is excessive. Based on Mr. Ronan's overall legal experience and continuing accrual of relevant vaccine litigation experience, the undersigned will award Mr. Ronan a rate of $465.00 per hour for 2022, $485.00 per hour for 2023, and $500.00 per hour for 2024. Likewise, for his paralegals the undersigned will award a rate of $150.00 per hour for the paralegal time billed in 2022 and 2023. Application of these rates results in a further reduction of **$1,497.50**.[3]

B.   Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

The undersigned has reviewed the submitted billing entries and finds the request to be reasonable. The billing entries contain sufficient detail to permit the undersigned to assess their reasonableness, and upon review none appear to be objectionable. Respondent also has not indicated that he finds any of the billing entries to be objectionable.

Therefore, petitioner is awarded final attorneys' fees in the amount of $19,641.60.

C.   Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994). Petitioner requests a total of $615.77 in attorneys' costs. Fees App. at 28. This amount is comprised of acquiring medical records and the Court's filing fee. Fees App. Ex. 1 at 1-6.

---

[3] Attorney Reduction: ($553 - $465) x 11.45 hrs. + ($553 - $485) x 5.65 hrs. + ($553 - $500) x 0.9 hrs. = $1,439.50.

Paralegal Reduction: ($170 - $150) x 1.1 hrs. + ($170 - $150) x 1.8 hrs. = $58.00.

Petitioner has provided adequate documentation of the postage costs, and they will be awarded in full.

    D.    <u>Conclusion</u>

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, the undersigned awards **$20,257.37** (representing $19,641.60 in attorneys' fees and $615.77 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel, Mr. William Patrick Ronan, III.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[4]

    **IT IS SO ORDERED**.

<u>s/Christian J. Moran</u>
Christian J. Moran
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.